# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARRIN KEITH TAYLOR,**
    **Plaintiff,**

    v.                                              Case No. 13-CV-01356

**KENOSHA COUNTY DETENTION CENTER,**
    **Defendant.**

## ORDER

On January 24, 2014, I dismissed this case for failure to pay the initial partial filing, and judgment was entered the same day. Plaintiff wrote to the court that he believed a money order had been sent well before the cut off date. Although the court had not received the money order, I gave plaintiff another opportunity to pay his initial partial filing fee. He has now paid the fee so I will vacate the judgment, reopen this case, and screen plaintiff's complaint. I also will grant plaintiff's motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts

and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations,

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Beginning in July of 2013, plaintiff contracted a skin infection that he believed to be scabies while an inmate at the Kenosha County Detention Center. Plaintiff sought medical attention for months before he was treated with medication. He filed multiple grievances and asked to speak with supervisors, but he received no response for quite some time. Plaintiff suffered for months and was charged for treatments he never received. He could not sleep for weeks on end, and his grievances were ignored. Finally, plaintiff was rushed to the hospital for an emergency caused by stress. He still has a skin infection and permanent scarring.

During this time, there was a serious outbreak of scabies at the Kenosha County Detention Center with hundreds of cases. Many others were not treated, and there were a number of reports to the Health Department. Plaintiff also asserts that the institution was giving inmates a toxic medication that is not approved by the Food and Drug Administration.

Plaintiff has stated a claim for deliberate indifference to his serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Fields v. Smith, 653 F.3d 550, 554 (7th Cir. 2011); see also Ciccone v. Sapp, 238 Fed. Appx. 487, 490 (11th Cir. 2007) ("scabies could be deemed objectively serious"); Dusenbery v. United States, 208 Fed. Appx. 180, 182–83 (3d Cir. 2006) (defendant health care provider could be held liable for a violation of inmate's constitutional rights if he believed that the inmate had scabies and deliberately did not treat the disorder).

However, plaintiff has not named a suable entity. In the caption of his complaint, plaintiff names the Kenosha County Detention Center as the defendant. Then, in the section on parties, he names the Kenosha County Detention Center Medical Staff as the defendant and describes this defendant as "medical staff nurse and doctor." (Compl. at 2, ECF No. 1.)

If plaintiff wants to proceed against individual staff members, he must name the staff members as defendants and allege how they were personally involved in his claim. See Burks, 555 F.3d at 596. If plaintiff does not know the name of the particular individuals, he should call them Nurse Doe or Doctor Doe and describe them and their involvement in his claims to the best of his ability. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996). Then, if he is allowed to proceed on claims against those individuals, he can use discovery to find out their actual names.

Additionally, if plaintiff wants to proceed on a claim that his rights were violated pursuant to a policy or custom at the Kenosha County Detention Center, he should name Kenosha County as a defendant and also identify the policy or custom. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690-91 (1978) (in order to prevail against a county, plaintiff would have to demonstrate that he suffered a deprivation of his constitutional rights based on some official policy, widespread custom, or deliberate act of a county decision-maker of the municipality or department).

If plaintiff wants to proceed with this case, he must file an amended complaint curing the deficiencies in the original complaint as described above. Such amended complaint must be filed on or before **Friday, May 30, 2014**. Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled

"Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Failure to file an amended complaint by the deadline may result in dismissal of this action.

**THEREFORE, IT IS ORDERED** that the judgment entered January 24, 2014 (Docket #8) is **VACATED** and this case is **REOPENED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **Friday, May 30, 2014**, plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff shall collect from plaintiff's prisoner trust account the $321.10 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Kenosha County Sheriff.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge