# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARRIN KEITH TAYLOR,**
       **Plaintiff,**

   v.                                       Case No. 13-CV-1356

**OFFICER DOE, et al.,**
       **Defendants.**

## DECISION AND ORDER

The plaintiff, Darrin Keith Taylor, a state prisoner representing himself, brought this action under 42 U.S.C. § 1983. Plaintiff is proceeding on Eighth Amendment claims against defendants Kenosha County and unidentified medical and corrections staff regarding medical treatment he received for scabies while he was an inmate at the Kenosha County Detention Center. Before me now is Kenosha County's motion for summary judgment.

## I. BACKGROUND

In July 2013, while housed at the Kenosha County Detention Center, plaintiff contracted scabies. On August 24, 2013, he filed a grievance, in which he wrote, "I have been suffering with a scabies infection for over a month now and the medical staff is doing nothing to help." ECF No. 64-2, at 1. Sergeant Doug Simpson received the grievance, deemed it unfounded, and responded to plaintiff on August 27, 2013. Simpson's response stated, "If you are dissatisfied with the results of this Grievance, you have 72 hours from receipt of this from [sic] to file an appeal." *Id.* at 3. Plaintiff did not appeal. Instead, he filed this action in December 2013, alleging, among other things,

failure to provide proper medical care and failure to take proper precautions to prevent the spread of scabies.

## II. DISCUSSION

I may grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Kenosha County argues that plaintiff failed to exhaust his administrative remedies with regard to his medical care claims and, therefore, that defendants are entitled to summary judgment.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002)).

The inmate/detainee handbook for the Kenosha County Detentions Center details the administrative review process available to those housed at that facility for complaints about prison conditions or the actions of prison officials. *See* ECF No. 56-1. The handbook provides that a shift supervisor will review and respond to each properly submitted grievance within five days and that an inmate or detainee may appeal such a response in writing to the facility administrator within 72 hours. *Id.* at 12. Plaintiff's August 24, 2013 grievance is the only grievance in the facility's records that plaintiff filed regarding the medical treatment at issue in this case. The undisputed evidence shows

2

that he failed to appeal the adverse response that he received to that grievance, so it appears that plaintiff failed to exhaust his administrative remedies.

Plaintiff argues that he filed many other complaints and grievances about his scabies infection that were ignored by medical and corrections staff and that defendants deliberately failed to provide during discovery. Even assuming that's true, it would not excuse plaintiff's failure to exhaust his administrative remedies when they were made available to him.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant Kenosha County's motion for summary judgment (ECF No. 53) is **GRANTED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that the clerk will enter judgment accordingly.

**IT IS FURTHER ORDERED** that plaintiff's motions to substitute parties (ECF Nos. 50 and 51) are **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge